## UNITED STATES FIDELITY & GUARANTY CO. v. NORTHWEST MFG. & MILLING CO.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1923.)

No. 6142.

Reformation of instruments ⊂═⇒19(2)—Surety held not entitled to reformation of supersedeas bond.

> Where a bond given on appeal was in form both a cost and supersedeas bond, the surety *held* not entitled to its reformation to a cost bond only, after affirmance of the judgment, on the ground of mistake, and that appellee was charged with notice of the mistake because the sureties justified for $500 only, where appellee in fact had no notice, and the copy of the bond served on its attorney did not contain the justification, which was not required; the surety being a surety company authorized by statute to execute bonds without justification.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Suit in equity by United States Fidelity & Guaranty Company against the Northwest Manufacturing & Milling Company (now the Mineral Nutrition Company). Decree for defendant, and complainant appeals. Affirmed.

Charles O. Bailey, of Sioux Falls, S. D. (Frederick H. Stinchfield and Henry C. Mackall, both of Minneapolis, Minn., John H. Voorhees, Peter G. Honegger, Theodore M. Bailey, and Charles O. Bailey, Jr., all of Sioux Falls, S. D., and Joseph A. McCullough, of Baltimore, Md., on the brief), for appellant.

G. N. Williamson, of Aberdeen, S. D. (R. F. Williamson, of Aberdeen, S. D., St. Clair Smith, and Alan Williamson, of Aberdeen, S. D., on the brief), for appellee.

⊂═⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before STONE, LEWIS, and KENYON, Circuit Judges.

STONE, Circuit Judge. This is a bill in equity by the surety on a cost and supersedeas bond on an appeal to the Supreme Court of South Dakota, to so reform that bond that it will be a cost bond only. The answer included a denial and a cross-bill praying judgment upon the bond as a cost and supersedeas bond. From a final decree dismissing the bill and awarding recovery on the cross-bill, complainant brings this appeal.

The basis of the bill is mistake. It is not contended that the bond itself is not in form and in substance a supersedeas bond. It is not contended that appellee, in any way, induced or participated in the mistake. The contention is that appellant and its principal on the bond intended to and thought they had executed only a cost bond and that appellee, on the filing thereof and thereafter, had notice of facts which would show that the principal and surety intended only a cost bond. The answer denies, and the appellee here contends both that no mistake was made and that it had no notice thereof if, in fact, such mistake existed. The fact relied upon to establish notice is that the justification of the sureties, appended to the bond, contained the type-written figures "$500.00." It is argued that this recitation of "$500.-00" was sufficient to place appellee upon inquiry.

In considering what is necessary to constitute notice, in a case of this character, we are not dealing with that character of constructive notice which arises from the recordation of deeds and other instruments under statutes providing that the recording of such papers at certain places shall constitute notice as matter of law. We are here dealing with notice as a matter of fact, to wit, the existence of knowledge. There is here no evidence of actual knowledge, on the part of appellee, that this bond was mistakenly executed as a supersedeas bond when the parties executing it intend to execute and thought they had executed only a cost bond. In fact, counsel for appellee, testified positively that they had no such actual knowledge and supposed the bond was a supersedeas bond until after the state Supreme Court had affirmed the judgment in favor of appellee and it endeavored to realize on the bond.

The contention is that the figures "$500.00" in the justification of the sureties had the effect of placing appellee upon inquiry and that, legally speaking, circumstances which would put a reasonable man on inquiry constitute notice of what a reasonably diligent inquiry would disclose. The legal effect of the existence of such circumstances is correctly stated. Section 15, Rev. Code S. D. 1919; Coder v. McPherson, 152 Fed. 951, 953, 82 C. C. A. 99 (this court); Weniger v. Success Mining Co., 227 Fed. 548, 557, 142 C. C. A. 180 (this court); 20 R. C. L. 353. The question here is whether the "$500.00" inserted in the justification of sureties had the effect of putting appellee upon inquiry. This requires an examination of the circumstances surrounding the appellee in dealing with the bond.

Those circumstances, as revealed by the evidence, are as follows: All transactions of appellee in connection with the appeal and this

bond were by G. N. Williamson, its attorney. The statutes of South Dakota provide that no appeal shall be effective until a cost bond "not exceeding two hundred and fifty dollars" shall be executed (section 3150, Rev. Code S. D. 1919); that a judgment for money shall not be stayed until a supersedeas bond has been executed (section 3152); that both cost and supersedeas undertakings may be included in one instrument (section 3163); that no such undertakings shall be effective unless accompanied by a justification of the sureties in an affidavit (section 3164); that surety companies, authorized to do business in the state, need not so justify if an authenticated copy of the certificate of such authority be presented to the official approving the bond (section 9389); that service of notice of appeal and of the undertaking for costs is necessary to perfect an appeal (section 3146). The body of the bond was as follows:

"Now, therefore, we, the undersigned, do hereby undertake and agree that the said appellants will pay all costs and damages which may be awarded against appellant on the appeal, not exceeding two hundred fifty dollars, and do further undertake and agree that if the judgment appealed from, or any part thereof, be affirmed, the appellants will pay the amount directed to be paid by the judgment, or part of such amount as to which the judgment shall be affirmed, if it be affirmed only in part, and all damages which shall be awarded against the appellants on appeal."

The justification appended to the bond was (all printing except $500.-00 in typewriting) as follows:

"State of South Dakota, County of ......—ss.:

"...... and ......, the sureties named in the above and foregoing undertaking on appeal, being duly sworn, each for himself says that he is a freeholder and resident within the said state and is worth the sum of $500.00 dollars, over and above all his debts and liabilities, in property within the state of South Dakota, exclusive of all property exempt from levy and sale on execution.

"..............
..............

"Subscribed and sworn to before me this ...... day of ......, ...... 19—.
"..........., Notary Public."

Attached to the bond was an authenticated copy of the certificate authorizing this appellant to engage as a surety in South Dakota. A clerk of the attorney for the appellants in the state suit took a notice of that appeal, the original bond with above copy of authority attached, copy of notice of appeal, copy of bond, and copy of authority of surety and served them on Williamson, leaving the copies with him. In the copy of the justification of sureties so left, the "$500.00" was not inserted, but the entire justification was a blank printed form. The only evidence as to what took place at that time is by Williamson and is substantially included in the quotation following:

"I saw the original bond as it was served in the clerk's office in the Supreme Court; I was in charge for the motion for rehearing and went up to the clerk's office to look over the bond; I have not seen it since the time I admitted service, and relied upon my copy at the time the service was made; Mr. Van Slyke's clerk laid it down before me to admit service and I evidently signed the service where she intended the clerk to sign; * * * I had not examined the original copy at the time it was served upon me, I just glanced at it to see that it was practically the same as the copy, as one does when papers are served; then I threw the copy on my desk; I did not ex-

287 F.—33

amine my copy until I took it back and filed it; I never compared the copy with the original papers which the attorney served upon me, I assumed it to be a copy of the paper he gave me."

From the above statement of the facts it seems evident that Williamson never saw the insertion, in the justification appended to the original bond, of the "$500.00." He casually and hastily compared the original and copy of the bond. He must have noticed that the only surety was the appellant and that a copy, of its authorization to execute such a bond was attached. Under such circumstances, the statute excused the surety from justifying, so he had no reason, then or thereafter, to pay any attention to the justification. He had no reason to suspect that the copies he received were not accurately, or at least substantially, true copies. He later on examined the copies. On those copies no insertion of "$500.00" appeared in the justification. In the light of this situation and these circumstances, we cannot say that Williamson had knowledge that "$500.00" was inserted in the original justification of sureties, or that he was guilty of any lack of duty or care, of which appellant can take advantage, in not examining the original justification in a manner which would have revealed the insertion therein.

It seems advisable that a clear statement be made of the limits of this opinion and decision. Those limits are as follows: We have assumed for the purposes of this case, but not decided, that a mistake confined to parties on one side of a transaction can be the basis of equitable relief; we have not decided or discussed to what extent reliance upon copies can affect liability upon an original; we do decide that under all of the circumstances here shown there was, on the part of appellee, no notice or reason to suspect the existence of the claimed mistake nor any notice or knowledge of any fact to put appellee upon inquiry.

The decree is affirmed.